KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: KJM@LNBYG.COM

Counsel to Todd A. Frealy, solely in his capacity as Chapter 11 Trustee

**FILED & ENTERED**

**JUN 12 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

DEDICATION & EVERLASTING LOVE TO
ANIMALS dba D.E.L.T.A. Rescue,

Debtor.

Case No.: 2:25-bk-13881-NB

Chapter 11

**ORDER GRANTING CHAPTER 11
TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER: (I) APPROVING COMPROMISE
OF CONTROVERSIES AND SETTLEMENT
AGREEMENT PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND (II)
AUTHORIZING TRUSTEE TO LIQUIDATE
ADDITIONAL INVESTMENTS IN ORDER
TO FUND SETTLEMENT PAYMENTS**

Date:    June 2, 2026
Time:    1:00 p.m.
Place:   Courtroom 1545
         255 E. Temple Street
         Los Angeles, CA 90012

On June 2, 2026, the Court held a hearing to consider the *Chapter 11 Trustee's Motion For Entry of An Order: (I) Approving Compromise Of Controversies And Settlement Agreement Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure And (II) Authorizing Trustee To Liquidate Additional*

*Investments In Order To Fund Settlement Payments* (the "Motion") [Doc 240], filed by Todd A. Frealy solely in his capacity as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of debtor Dedication & Everlasting Love To Animals dba D.E.L.T.A. Rescue (the "Debtor").  Appearances were as noted in the Court's record.

The Court, having read and considered the Motion; the Notice [Doc 241] of the hearing on the Motion; the Declaration of Todd A. Frealy attached to the Motion; the *Opposition To Chapter 11 Trustee's Motion For Entry of An Order: (I) Approving Compromise Of Controversies And Settlement Agreement Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure And (II) Authorizing Trustee To Liquidate Additional Investments In Order To Fund Settlement Payments* (the "Opposition") [Doc 243] filed by Erica Grillo, Leo Grillo, Charles Leonard and John Rustin (collectively, the "Objectors"); the *Chapter 11 Trustee's Reply To  Opposition To Chapter 11 Trustee's Motion For Entry of An Order: (I) Approving Compromise Of Controversies And Settlement Agreement Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure And (II) Authorizing Trustee To Liquidate Additional Investments In Order To Fund Settlement Payments* ("Reply") [Doc 245] filed by the Trustee; the Declaration of Todd A. Frealy attached to the Reply  ("Frealy Reply Declaration"); the *Declaration Of Edward C. Hsu In Support Of Chapter 11 Trustee's Motion For Entry of An Order: (I) Approving Compromise Of Controversies And Settlement Agreement Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure And (II) Authorizing Trustee To Liquidate Additional Investments In Order To Fund Settlement Payments* ("Hsu Reply Declaration") [Doc 247]; the *Request For Judicial Notice In Support Of Chapter 11 Trustee's Motion For Entry of An Order: (I) Approving Compromise Of Controversies And Settlement Agreement Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure And (II) Authorizing Trustee To Liquidate Additional Investments In Order To Fund Settlement Payments* (the "RJN") [Doc 249]; the objections ("Evidentiary Objections") [Docs 250, 251 and 252] filed by the Objectors to the Frealy Reply Declaration, Hsu Reply Declaration and RJN; having considered the statements and arguments made at the hearing on the Motion; with good and sufficient cause appearing; and having found that the Trustee has met all applicable requirements and burdens pursuant to sections 105, 345 and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") and

Rules 4001(d), 9014 and 9019 of the Federal Rules of Bankruptcy Procedure, and pursuant to the Court's tentative ruling attached hereto as **Exhibit 1** which the Court hereby incorporates by this reference and adopts as its actual and final ruling, the Court hereby finds and orders as follows:

1.      Notice of the hearing on the Motion was just and proper and complied with all applicable rules and requirements of the Court.

2.      The *Settlement And Release Agreement* (the "Agreement") between the Trustee and Adriana Duarte Valentines, a true and correct copy of which is attached as Exhibit 1 to the annexed Declaration of Todd A. Frealy attached to the Motion, was entered into in good faith by the parties thereto.

3.      The Agreement is in the best interest of the estate and is consistent with the duties of Trustee.

4.      The Motion is hereby granted and the Opposition and Evidentiary Objections are overruled.

5.      The Agreement is hereby approved in its entirety.

6.      The Court finds and determines that the investments and funds available in the estate's investment accounts at Merrill Lynch constitute property of the estate and authorizes and directs the Trustee to convert securities into cash in order to fund payments required to be made by the estate under the Agreement;

7.      The Trustee is authorized and directed to make payments to the Judgment Creditor in accordance with the Agreement using such estate assets; and

8.      The Trustee is authorized and directed to take all necessary steps to effectuate and enforce the terms of the Agreement.

###

Date: June 12, 2026

Neil W. Bason
United States Bankruptcy Judge

3

# **Exhibit 1 – Adopted Tentative Ruling**

Overrule the opposition and grant the Chapter 11 Trustee's motion to approve the settlement agreement.  Appearances required.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in addition to motion papers): Opposition filed by Erica Grillo, Leo Grillo, Charles Leonard, and John Rustin (dkt. 243, the "Opp."); Reply of Chapter 11 Trustee ("Trustee") (dkt. 245), Proof of Service (dkt. 246), Hsu Decl. (dkt. 248), and Requests for Judicial Notice (dkt. 248–49); Opponents' objections re reply evid. (dkt. 250-52)

(1) Standing of Objecting Parties

    The Opposition (dkt. 243) was filed by Erica Grillo (Debtor's secretary), Leo Grillo (Debtor's founder), and Charles Leonard and John Rustin (board members of Debtor) (collectively, the "Objectors").  The Chapter 11 Trustee ("Trustee") argues that "the Objectors are not the Debtor" and "lack standing to oppose the [Settlement] Agreement."  Reply (dkt. 245) p. 7:26–8:1.

    The tentative ruling is that, although more formal documentation from Debtor would have been better, Objectors do have standing to oppose the Settlement Agreement in their capacity as apparent representatives of Debtor.  The fact that the appointment of Trustee has divested Debtor of the ability to manage the estate as a debtor in possession does not mean that Debtor (acting through its (apparently authorized) representatives) no longer qualifies as a "party in interest" who "may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. 1109(b).

(2) Legal standard

    In determining the fairness, reasonableness, and adequacy of a proposed settlement under Rule 9019(a) (Fed. R. Bankr. P.), this Court must consider:
        (a) the probability of success in litigation;
        (b) the difficulties, if any, to be encountered in the matter of collection;
        (c) the complexity of the litigation involved, and the expense, inconvenience and
        delay necessarily attending it; and
        (d) the paramount interest of the creditors and a proper deference to their
        reasonable views on the premises.
        [*In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986)].
    "Each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation."  *In re Western Funding Inc.,* 550 B.R. 841, 851 (9th Cir. BAP 2016). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge."  *In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993).  In approving a settlement, the Court must "canvass the issues and see whether the settlement falls below the lowest point in the

4

range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983) (internal quotation marks omitted).

(3) <u>Application of the legal standard</u>

The tentative ruling is that Trustee has easily satisfied his burden of demonstrating that the proposed settlement does *not* fall "below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983) (internal quotation marks omitted).  That is because none of the arguments asserted by Objectors as to why the settlement is unreasonable are persuasive.

(a) <u>Assets of the estate, or donor restricted assets/charitable trusts</u>

Objectors question whether the investment assets that will be liquidated to fund the proposed settlement even qualify as "property of the estate."  Their theory is that those investment assets might qualify as "donor restricted assets," or alternatively assets held in a charitable trust under California law, that are not estate property.  Opp. (dkt. 243) p. 6:9–15; Evid. Obj. (dkt. 250) pp. 2:23-3:16.

Objectors are correct that, in certain limited circumstances, contributions to a non-profit organization would not become property of the estate if that non-profit organization seeks bankruptcy protection.  But, as Trustee points out, Objectors have provided no evidence and detailed analysis showing that any of Debtor's investment assets so qualify.  Instead, the record before this Court shows precisely the opposite:

> (i) Debtor's Amended Schedule A/B (dkt. 150) states that Debtor has a legal, equitable, or future interest in the assets in its investment accounts.  Reply (dkt. 245) p. 11:13–15.
>
> (ii) In response to question 21 on its Statement of Financial Affairs (dkt. 85, "SOFA"), Debtor responded that it did *not* hold or control "any property borrowed from, being stored for, or held in trust."  Reply (dkt. 245) p. 11:16–19.
>
> (iii) Debtor's two most recent Form 990 Internal Revenue Service tax filings indicated that "Debtor did not maintain any donor advised funds or any similar funds or accounts for which donors have the right to provide advice on the distribution or investment of amounts in such funds or accounts."  Reply (dkt. 245) p. 9:20–24.
>
> (iv) Debtor's audited financial statements do not support Objectors' assertions.  Reply (dkt. 245), Frealy Decl., p. 25, para. 10 (PDF p. 27 of 135).

True, Trustee's evidence was largely presented in the reply papers.  But, given that Debtor's bankruptcy schedules, SOFA, and tax forms all appeared to show that there were no "donor restricted assets" or charitable trust limitations, and given Trustee's prior inquiries and lack of evidence to support Objectors' current position, it was not incumbent on Trustee to brief an issue that did not appear to be a genuine issue.

Moreover, Debtor knew (and Objectors, to the extent they have standing to represent Debtor knew or should have known) that Trustee previously had inquired and asked for documentation to support any such theories as they now present.  See Reply (dkt. 245), Frealy Decl., pp. 25:21-26:4, para. 12 (PDF pp. 27-28 of 135).  That gave Debtor plenty of time to organize any evidence and analysis in support of Objectors' current theories, and present any documentation, detailed analysis, and argument as part of their written Opposition.

This Court is well aware of the risks to the animals that Debtor has attempted to help. But, as Trustee points out, disapproval of this proposed settlement, or even delay, is likely to cause more harm than good.  To the extent that Debtor is facing financial stress, that is evidence of the urgent need for resolution of the disputed claim before accruing interest, attorney fees, and other charges further threaten Debtor's mission, or impair its ability to pay creditors.  *See* Reply (dkt. 245) p. 4:25-27 at n. 1, pp. 15:2-8, and p. 17:9-18.

For all of these reasons, and the additional reasons stated in the motion and reply papers, the tentative ruling is that Trustee has made a sufficient *prima facie* showing that the investment assets which will be used to fund the settlement payment constitute property of the estate, and that showing has not been adequately rebutted.  Accordingly, the tentative ruling is to overrule this objection.

(b) Attorney fees
Objectors assert that insufficient evidence has been presented substantiating the amount of judgment creditor Adriana Duarte Valentines' claim for attorney fees.  Opp. (dkt. 243) pp. 7:8–8:3.  But judgment creditor has filed two proofs of claim, one of which includes the motion she filed with the State Court for attorney fees.  She has also filed a Request for Judicial Notice (dkt. 81) that contains a number of pleadings pertaining to her attorney fee claim.  Reply (dkt. 245) pp. 4:21–5:8.  The tentative ruling is that Trustee has shown that the terms of the proposed settlement relating to judgment creditor's attorney fee claim are reasonable.

(c) Insurance issues
Objectors maintain that the settlement unfairly caps the exposure of Debtor's insurance carrier at $726,000.00.  Opp. (dkt. 243) p. 8:13–14.  The tentative ruling is that Objectors' framing of the settlement's terms as they related to the insurance carrier is misleading.  True, the settlement requires the insurance carrier to contribute $726,000.00.  But it is not correct to characterize the $726,000.00 contribution as a "liability cap," because as explained by Trustee, the settlement agreement "expressly does not provide a release of Debtor's insurer with respect to any claims the Debtor may have against the insurer, including any bad faith claims."  Reply (dkt. 245) p. 14:3–5.

(4) Conclusion
Again, this Court is well aware that innocent animals will suffer if Debtor is unable to carry out its mission.  But that cannot change the reality that Debtor suffered an adverse judgment after trial; Trustee has made a *prima facie* showing that Debtor's assets are available to pay that judgment and attorney fees; Objectors have not rebutted that *prima facie* showing; and the settlement is better than the delays, expenses, and risks of any challenge to the judgment or to the associated attorney fees, and the risks of any delays, to creditors, Debtor, and the animals whom Debtor hopes to help.

For the reasons set forth approve, the tentative ruling is overrule Objectors' opposition and approve the settlement agreement.

Proposed order(s): Unless otherwise ordered, Trustee is directed to lodge a proposed order on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

6