KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: KJM@LNBYG.COM
Counsel to Todd A. Frealy, solely in his capacity as Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DEDICATION & EVERLASTING LOVE TO ANIMALS dba D.E.L.T.A. Rescue,<br><br>Debtor. | Case No.: 2:25-bk-13881-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S STATUS REPORT DATED OCTOBER 20, 2026**<br><br>Date: November 3, 2026<br>Time: 1:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL W. BASON; ALL KNOWN CREDITORS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

Todd A. Frealy solely in his capacity as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of debtor Dedication & Everlasting Love To Animals dba D.E.L.T.A. Rescue (the "Debtor"), hereby files this Status Report dated October 20, 2026.

**A. Background Information**

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 9, 2025 (the "Petition Date"). On May 16, 2025, (1) the Court ordered the appointment of a chapter 11 trustee; (2)

the Office of United States Trustee appointed Mr. Frealy as the Trustee; and (3) the Court entered an order approving the appointment of Mr. Frealy as the Trustee.

The Debtor is a non-profit organization that operates an animal rescue facility located in Acton, California (and the Debtor may have similar operations in other locations either owned or rented by the Debtor). The Debtor advertises that it is "the largest 'No Kill, Care-for-Life,' Animal Sanctuary of its kind in the world. *See* https://www.deltarescue.org.

Virtually all of the Debtor's revenue derives from donations made to the Debtor by third parties. The Debtor also generates some revenue in the form of dividends from investments in various securities. As of October 19, 2026, the estate has available cash of approximately $800,000, not including any securities investments or cash being held in the Debtor's investment accounts with Merrill Lynch, which investment accounts, as of October 16, 2026, had an approximate net portfolio value of $10,331,597. The Trustee has filed a motion for authority to use cash collateral and liquidate investments (*see* Docket No. 266) which is scheduled for hearing on October 20, 2026, pursuant to which the Trustee has requested authority to continue to use cash collateral for the period from November 1, 2026 – February 28, 2027.

Additionally, the Debtor owns a number of pieces of real estate, which appear to be unencumbered (except potentially by the judgment lien).

The Trustee understands and believes that the Debtor filed this bankruptcy case as a result of a judgment obtained by a former employee of the Debtor – Adriana Duarte Valentines (the "Judgment Creditor") – against the Debtor, in the amended amount of $2,896,952, entered on March 19, 2025, and collection efforts thereon by the Judgment Creditor. Additionally, the Trustee understands that, the Judgment Creditor's state court counsel filed, prior to the Petition Date, a motion for attorney's fees and costs, requesting an attorney fee and cost award of more than $4 million. Prior to the Petition Date, on March 31, 2025, the Judgment Creditor filed a Notice of Judgment Lien with the California Secretary of State, and on April 28, 2025, the State Court issued a writ of execution in favor of the Judgment Creditor, in the amount of $2,925,564.68. Thereafter, on or around May 2, 2025, notices of levy appeared to have been served on various financial institutions, including U.S. Bank and Merrill Lynch.

**B. The Trustee's Settlement with the Judgment Creditor**

The Trustee and the Judgment Creditor entered into a settlement agreement resolving the Judgment Creditor's claims, which settlement agreement the Court has approved. Pursuant to that settlement agreement, in full settlement and satisfaction of the Judgment Creditor's claims against the estate, the estate is required to pay the total sum of $5.5 million to the Judgment Creditor. The initial payment in the amount of $4,000,000 has been made by the estate to the Judgment Creditor, in accordance with the settlement agreement. The remaining sum of $1.5 million is required to be paid by the estate in eight quarterly installments (provided that the Trustee has the authority and discretion to pay any or all of the remaining sum earlier), and the Trustee has made the first such quarterly payment to the Judgment Creditor, leaving a current claim balance of $1,312,500.

**C. The Trustee's Chapter 11 Exit Options**

The Trustee is evaluating all potential exit options in this case and desires to proceed with an expedient and efficient exit, whether pursuant to a chapter 11 plan or dismissal of this case. The Trustee projects that all creditors with allowed claims will be paid in full in this case given the amount and value of assets in this case, and the allowed claims asserted in this case[1]. The Debtor's board members and certain officers, by and through their counsel, have requested that the Trustee dismiss this case, and the California Attorney General has requested that the Trustee conduct an investigation of pre-petition activities by the Debtor's board members and officers. The Trustee continues to attempt to develop consensus between the California Attorney General and the Debtor's board members and officers regarding an appropriate disposition of this case, but if the California Attorney General and the Debtor's board are unable to reach agreement, the Trustee will proceed with his preferred course of action in this case.

The Trustee understands that at this time, the California Attorney General is awaiting information from the Debtor's board members and officers pertaining to such board members' and officers' background and qualifications. The Trustee has made it clear to both parties that any future management of the Debtor

[1] Post-petition, the Trustee learned that a former employee of the Debtor transmitted a demand letter to the Debtor and the Debtor's professional employer organization (PEO) Insperity PEO Services, in connection with wrongful termination and related employee and wage claims. The Trustee understands that the Debtor's insurance coverage through its PEO contains a $150,000 deductible, and the Debtor and Insperity are represented by insurance counsel in connection with the demand. The Trustee also understands that the Debtor's PEO has agreed to fund the fees and expenses of counsel and that such counsel is attempting to negotiate a settlement of the alleged claim pursuant to which the Debtor and the Debtor's estate receive a release without the need for the Debtor's estate to fund any settlement payments or provide any releases. The Trustee is monitoring the matter.

should not involve or include Leo Grillo.[2] If the California Attorney General and the Debtor's board members and officers are unable to come to a resolution (which is acceptable to the Trustee) soon, the Trustee will proceed with this case in a manner that he deems appropriate, including, without limitation, seeking to dismiss this case, or seeking to confirm a chapter 11 plan that replaces all current management, officers and directors[3]. The Trustee is continuing to administer this estate in the hopes that a global resolution is reached pertaining to the future management of the Debtor. Creditors of the estate with allowed claims will receive full payment of their claims based on the current financial status of the estate, but the future of the animal rescue is presently unclear and while the Trustee does not believe that he is required to act as an intermediary between the California Attorney General and the Debtor's board members and officers in connection with their respective disputes, the Trustee believes that a globally acceptable framework pertaining to future management of the Debtor would be preferable to an uncertain future for the animal rescue.

Dated: October 20, 2026

TODD A. FREALY, CHAPTER 11 TRUSTEE

By: *__/s/ Krikor J. Meshefejian__*
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
Counsel for Chapter 11 Trustee

[2] As the Court is aware, the Debtor's principal, Leo Grillo was indicted for federal attempted kidnapping charges and is being held in custody pending a trial. Mr. Grillo's bond and release requests have been denied by the District Court and a trial is presently set to commence in March 2027.

[3] The Trustee has requested documentation and information from the Debtor's officers and directors pertaining to certain pre-petition activities and transactions with affiliates of the Debtor, but to date, such documentation and information has not been provided. If the officers and directors do not cooperate with the Trustee, the Trustee will take action as appropriate and such noncooperation will factor into the Trustee's decision-making with respect to the appropriate disposition of this case.

**<u>DECLARATION OF TODD A. FREALY</u>**

I, Todd A. Frealy, declare as follows:

1. I am a partner of Levene, Neale, Bender, Yoo & Golubchik L.L.P. and the appointed chapter 11 trustee of the bankruptcy estate of Dedication & Everlasting Love To Animals dba D.E.L.T.A. Rescue. I make this Declaration in support of the attached Status Report dated October 10, 2026. I have personal knowledge of the facts set forth herein, and could and would testify as to such facts if requested to do so, unless otherwise indicated. Capitalized terms not otherwise defined in this Declaration have the same meaning provided to such terms in the Motion.

2. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 9, 2025 (the "<u>Petition Date</u>"). On May 16, 2025, (1) the Court ordered the appointment of a chapter 11 trustee; (2) the Office of United States Trustee appointed me as the Trustee; and (3) the Court entered an order approving my appointment as the Trustee.

3. I have learned that the Debtor is a non-profit organization that operates an animal rescue facility located in Acton, California (and the Debtor may have similar operations in other locations either owned or rented by the Debtor). The Debtor advertises that it is "the largest 'No Kill, Care-for-Life,' Animal Sanctuary of its kind in the world. *See* https://www.deltarescue.org.

4. Virtually all of the Debtor's revenue appears to derive from donations made to the Debtor by third parties. The Debtor also appears to be generating some revenue in the form of dividends from investments in various securities. The Debtor receives potentially hundreds of thousands of dollars of donations per month.

5. As of October 19, 2026, the estate has available cash of approximately $800,000, not including any securities investments or cash being held in the Debtor's investment accounts with Merrill Lynch, which investment accounts, as of October 16, 2026, had an approximate net portfolio value of $10,331,597. I have filed a motion for authority to use cash collateral and liquidate investments (*see* Docket No. 266) which is scheduled for hearing on October 20, 2026, pursuant to which I have requested authority to continue to use cash collateral for the period from November 1, 2026 – February 28, 2027.

6. Additionally, the Debtor owns a number of pieces of real estate, which appear to be unencumbered (except potentially by a judgment lien).

7. I understand and believe that the Debtor filed this bankruptcy case as a result of a judgment obtained by a former employee of the Debtor – Adriana Duarte Valentines (the "Judgment Creditor") – against the Debtor, in the amended amount of $2,896,952, entered on March 19, 2025, and collection efforts thereon by the Judgment Creditor.

8. Prior to the Petition Date, on March 31, 2025, the Judgment Creditor filed a Notice of Judgment Lien with the California Secretary of State. On April 28, 2025, the State Court issued a writ of execution in favor of the Judgment Creditor, in the amount of $2,925,564.68. Thereafter, on or around May 2, 2025, notices of levy appeared to have been served on various financial institutions, including U.S. Bank and Merrill Lynch.

9. Additionally, the Judgment Creditor's state court counsel filed, prior to the Petition Date, a motion for attorney's fees and costs, requesting an attorney fee and cost award of more than $4 million. The Debtor's bankruptcy filing has stayed enforcement of the judgment and the proceedings in the Superior Court of the State of California for the County of Los Angeles, including in connection with the Attorney Fee Motion, which was scheduled to be heard on May 14, 2025 (but which was not heard as a result of the bankruptcy filing). The judgment is on appeal and stay relief has been granted in order to allow for that appeal to proceed, but stay relief was denied in connection with the attorney fee motion.

10. The Judgment Creditor and the estate entered into a settlement agreement resolving the Judgment Creditor's claims, which settlement agreement the Court has approved. Pursuant to that settlement agreement, in full settlement and satisfaction of the Judgment Creditor's claims against the estate, the estate is required to pay the total sum of $5.5 million to the Judgment Creditor. The initial payment in the amount of $4,000,000 has been made by the estate to the Judgment Creditor, in accordance with the settlement agreement. The remaining sum of $1.5 million is required to paid by the estate in eight quarterly installments, and the first such installment payment has been made.

11. Other than the Judgment Creditor's remaining claim, in the amount of $1,312,500, I understand that there are not significantly material claims against the Debtor's estate and that the Debtor was generally current with the payment of its obligations.

12. I am evaluating all potential exit options in this case and desire to proceed with an expedient and efficient exit, whether pursuant to a chapter 11 plan or dismissal of this case. I project that all creditors with allowed claims will be paid in full in this case given the amount and value of assets in this case, and the allowed claims asserted in this case[4]. The Debtor's board members and certain officers, by and through their counsel, have requested that I dismiss this case, and the California Attorney General has requested that I conduct an investigation of pre-petition activities by the Debtor's board members and officers. I continue to attempt to develop consensus between the California Attorney General and the Debtor's board members and officers regarding an appropriate disposition of this case, but if the California Attorney General and the Debtor's board are unable to reach agreement, I will proceed with my preferred course of action in this case.

13. I understand that at this time, the California Attorney General is awaiting information from the Debtor's board members and officers pertaining to such board members' and officers' background and qualifications. I have made it clear to both parties that any future management of the Debtor should not involve or include Leo Grillo.[5] If the California Attorney General and the Debtor's board members and officers are unable to come to a resolution (which is acceptable to me) soon, I will proceed with this case in a manner that I deem appropriate, including, without limitation, seeking to dismiss this case, or seeking to confirm a chapter 11 plan that replaces all current management, officers and directors[6]. I am continuing

[4] Post-petition, I learned that a former employee of the Debtor transmitted a demand letter to the Debtor and the Debtor's professional employer organization (PEO) Insperity PEO Services, in connection with wrongful termination and related employee and wage claims. I understand that the Debtor's insurance coverage through its PEO contains a $150,000 deductible, and the Debtor and Insperity are represented by insurance counsel in connection with the demand. I also understand that the Debtor's PEO has agreed to fund the fees and expenses of counsel and that such counsel is attempting to negotiate a settlement of the alleged claim pursuant to which the Debtor and the Debtor's estate receive a release without the need for the Debtor's estate to fund any settlement payments or provide any releases. I am monitoring the matter.

[5] As the Court is aware, the Debtor's principal, Leo Grillo was indicted for federal attempted kidnapping charges and is being held in custody pending a trial. Mr. Grillo's bond and release requests have been denied by the District Court and a trial is currently scheduled to commence in March 2027.

[6] I have requested documentation and information from the Debtor's officers and directors pertaining to certain pre-petition activities and transactions with affiliates of the Debtor, but to date, such documentation and information has not been provided.

to administer this estate in the hopes that a global resolution is reached pertaining to the future management of the Debtor. Creditors of the estate with allowed claims will receive full payment of their claims based on the current financial status of the estate, but the future of the animal rescue is presently unclear and while I do not believe that I am required to act as an intermediary between the California Attorney General and the Debtor's board members and officers in connection with their respective disputes, I believe that a globally acceptable framework pertaining to future management of the Debtor would be preferable to an uncertain future for the animal rescue.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 20th day of October 2026.

Todd A. Frealy

TODD A. FREALY

---

If the officers and directors do not cooperate with me, I will take action as appropriate and such noncooperation will factor into my decision-making with respect to the appropriate disposition of this case.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A True And Correct Copy Of The Foregoing Document Entitled **Chapter 11 Trustee's Status Report Dated October 20, 2026** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ***October 20, 2026*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Keith Berglund keith@berglundgroup.com
- David K Eldan David.Eldan@doj.ca.gov
- Todd A. Frealy (TR) taftrustee@lnbyb.com, taf@trustesolutions.net
- Armen Manasserian armen@ml-apc.com, jennifer@ml-apc.com,ruben@ml-apc.com
- Ron Maroko ron.maroko@usdoj.gov
- Krikor J Meshefejian kjm@lnbyg.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- David Welch litigation@enso.law
- Lisa Wong lisa@ml-apc.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **October 20, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Dedication & Everlasting Love To Animals**
PO Box 9
Glendale, CA 91209
***Debtor***

☒ Service list attached

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 20, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service list attached

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 20, 2026 | Kayleen Chang | */s/ Kayleen Chang* |
| *Date* | *Printed Name* | *Signature* |

Label Matrix for local noticing
0973-2
Case 2:25-bk-13881-NB
Central District of California
Los Angeles
Tue Sep 29 11:27:03 PDT 2026

California Department of Tax and Fee Adminis
Collections Support Bureau, MIC 29
PO Box 942879
Sacramento, CA 94279-0029

City of El Monte, a Municipal Corp
Rene Bobadilla Interim City Manager
11333 Valley Blvd
El Monte, CA 91731-3227

Dedication & Everlasting Love To Animals
PO Box 9
Glendale, CA 91209-0009

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AT&T Mobility LLC
Attn: Officer
1025 Lenix Park Blvd. NE
Atlanta, GA 30319-5309

Acton Fox Feed
3542 Gillespie
Acton, CA 93510-1938

Adriana Duarte
45853 Ringtree Ave.
Lancaster, CA 93534-1465

Adriana Duarte Valentines
c/o Armen Manasserian
35 Hugus Aly, Suite 210
Pasadena, CA 91103-3648

Airgas USA, LLC
PO Box 93500
Long Beach, CA 90809-3500

Ali Azarkish
P.O. Box 1548
Studio City, CA 91614-0548

American Water Well Service
33604 Agua Dulce Cyn. Rd.
Santa Clarita, CA 91390-4662

Andy Gump, Inc.
Attn: Nancy Gump Melancon
26410 Summit Circle
Canyon Country, CA 91350-2991

Attorney General
Charitable Trusts
300 S. Spring St.
Los Angeles, CA 90013-1230

Barrington Staffing Services
PO Box 5089
West Hills, CA 91308-5089

California Dept. Of Tax and Fee Administrati
Collection Support Bureau, MIC:29
PO BOX 942879
Sacramento, CA 94279-0029

California Dept. of Tax and Fee
Adminstration
PO Box 942879
Sacramento, CA 94279-0001

Christopher Camardello
1031 Mendota Heights Road
St. Paul, MN 55120-6200

City of El Monte
P.O. Box 7275
Newport Beach, CA 92658-7275

Fermin Rodriguez
16281 Vasquez Canyon Rd
Canyon Country, CA 91351-1420

HRA Inc
35002 Juniper Valley Road
Santa Clarita, CA 91390-3446

Law Offices of William R. Hess
1778 S. Shenandoah St
Los Angeles, Ca 90035-4325

Liora Moreh
Moreh Law Firm
1975 Century Park East, Ste 600
Los Angeles, CA 90067

Markell Norville
1418 W Kettering St
Lancaster, CA 93534-2231

Patterson Veterinary
PO Box 1418
Loveland, CO 80539-1418

Patterson Veterinary Supply, Inc.
1031 Mendota Heights Road
St. Paul, MN 55120-6201

Quadient Finance USA, Inc.
PO Box 6813
Carol Stream, IL 60197-6813

Red Line Courier Service
28542 Constellation Road
Valencia, CA 91355-5082

Red Seat Ventures
129 W. 29th St.
Room 600N
New York, NY 10001-5758

Roxborough Pomerances Nye
& Adreani, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, CA 91367-5132

Sequoia Financial
28632 Roadside Dr.
Agoura Hills, CA 91301-6064

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

Starlink
Attn: Officer
3953 Jack Northrop Ave.
Hawthorne, CA 90250

Starlink
Attn: Officer
500 Center Ridge Drive
Austin, TX 78753-1032

(p)STATE COMP INS FUND
PO BOX 9102
PLEASANTON CA 94566-9102

State Fund
655 N. Central Ave.
Glendale, CA 91203-1459

Stericycle
28883 Network Place
Chicago, IL 60673-1288

(p)SUBURBAN PROPANE LP
ATTN CREDIT & COLLECTIONS
240 ROUTE 10 WEST
WHIPPANY NJ 07981-2105

The First Digital, Inc.
129 West 29th St., 600N
New York, NY 10001-5758

U.S. Bank, N.A.
Attn: Staci H Pena
26425 Sierra Hwy
Newhall, CA 91321-2122

Verizon Wireless Services, LLC
One Verizon Way
Basking Ridge, NJ 07920-1097

Warren Eckstein's Hugs & Kisses
13157 W. Baker Drive
Peoria, AZ 85383-5418

Waste Management
10910 DAwson Canyon Road
Corona, CA 92883-5020

Waste Management
9081 Tujunga Avenue
San Valley, CA 91352-1516

Wedgewood Village Pharmacy
PO Box 71424
Philadelphia, PA 19176-1424

Zoetis US, LLC
PO Box 419022
Boston, MA 02241-9022

Krikor J Meshefejian
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Michael Jay Berger
The Law Offices of Michael Jay Berger
9454 Wilshire Blvd.
6th Floor
Beverly Hills, CA 90212-2980

Todd A. Frealy (TR)
301 E. Vanderbilt Way, Suite 430
San Bernardino, CA 92408-3512

William R Hess
Law Office of William R. Hess
1778 S. Shenandoah St.
Los Angeles, CA 90035-4325

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

L.A. County Tax Collector
Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN: BANKRUPTCY UNIT
PO BOX: 54110
LOS ANGELES, CA 90054-0110

Southern California Edison Company
Attn: Cristina Limon
2244 Walnut Grove Ave.
Rosemead, CA 91770

(d)Southern California Edison Company
P.O. Box 6109
Covina, CA 91722

State Compensation Insurance Fund
PO Box 8192
Pleasanton, CA 94588

Suburban Propane
240 Route 10 West
Whippany, NJ 07981

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Hahn Fife & Company

(u)Jo Ellen Vasquez, C.P.A.

(u)Kaufman Dolowich LLP

(u)U.S. Bank, N.A.

(u)Adriana Duarte Valentines

(u)Charles Leonard

(u)Erica Grillo

(u)John Rustin

(u)Leo Grillo

End of Label Matrix
Mailable recipients 56
Bypassed recipients 10
Total 66